Brian R. Morris, Esq.
Nevada Bar No. 5431
59 Damonte Ranch Parkway, B-221
Reno, Nevada 89511
(775) 323-2800
(775) 313-0876 (Fax)
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

WAYNE ROMANS,

    Plaintiff,

vs.

INCLINE VILLAGE GENERAL IMPROVEMENT DISTRICT,

    Defendant.

Case No. 3:10-cv-00403

**COMPLAINT**
(Jury Demand)

COMES NOW, Plaintiff, by and through undersigned counsel, and complains, alleges and avers as follows:

JURISDICTION

1. This action is brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. The jurisdiction of this Court is invoked under 28 U.S.C. § 1331.

GENERAL ALLEGATIONS

2. Plaintiff worked for Defendant.

3. Plaintiff was injured on the job while working for Defendant.

4. Plaintiff sought workers compensation benefits for his on the job injury.

5. Plaintiff complained to the Occupational Safety and Health Administration ("OSHA") of safety violations by Defendant.

6. OSHA conducted an investigation based upon Plaintiff's complaint.

7. Plaintiff was released by his doctor to return to work with restrictions.

8. Defendant temporarily returned Plaintiff to work and then placed Plaintiff on paid administrative leave and then on unpaid administrative leave.

9. Plaintiff was then terminated.

10. At all relevant times hereto, Defendant had fifteen (15) or more employees who worked twenty (20) or more calendar workweeks during the relevant year while Plaintiff worked for Defendant.

### FIRST CLAIM (Violation of the Americans with Disabilities Act)

11. Plaintiff realleges each and every allegation as contained above and hereby incorporates them by this reference as if fully set forth herein.

12. Plaintiff had a disability as defined by the Americans with Disabilities Act (ADA) that resulted from his on the job injury.

13. Plaintiff was qualified for and able to work and perform the essential functions of jobs with or without a reasonable accommodation.

14. Plaintiff requested that he be given reasonable accommodations and allowed to work.

15. Plaintiff was not allowed to keep working for Defendant with or without a reasonable accommodation.

16. Defendant retaliated against Plaintiff for invoking his rights under the ADA and ultimately terminated Plaintiff.

17. The above actions and non-actions by Defendant constitutes violations of the ADA, 42 U.S.C. § 12101 et seq.

18. As a proximate result of Defendant's violations of the ADA, Plaintiff has been damaged in an amount to be determined according to proof.

19. Defendant acted with full knowledge of the consequences and damages that would be caused to Plaintiff, and that its conduct was fraudulent, willful, oppressive, malicious, in that Defendants acted out of conscious disregard to Plaintiff's rights and economic well-being and/or made with reckless indifference to Plaintiff's rights. Accordingly, Plaintiff is entitled to punitive damages against Defendant in a sum according to proof.

20. Plaintiff is entitled to damages including punitive and liquidated damages as well as attorney's fees and costs from Defendant's above actions and violation(s).

SECOND CLAIM (Tortious Retaliation and Discharge in Violation of Public Policy)

21. Plaintiff realleges each and every allegation as contained above and hereby incorporates them by this reference as if fully set forth herein.

22. Defendant's treatment and termination of Plaintiff was retaliation for filing his Workers Compensation claim.

23. Defendant's treatment and termination of Plaintiff was retaliation for complaining to OSHA.

24. Said treatment and actions by Defendant violated the public policy of Nevada and is actionable in tort.

25. The above actions and non-actions by Defendant constitutes tortious retaliation and discharge in violation of public policy, and as a proximate result Plaintiff has been damaged in an amount to be determined according to proof and is entitled to damages as well as attorney's fees and costs.

26. Defendant acted with full knowledge of the consequences and damages that would be caused to Plaintiff, and that its conduct was fraudulent, willful, oppressive, malicious, in that Defendants acted out of conscious disregard to Plaintiff's rights and economic well-being and/or made with reckless indifference to Plaintiff's rights.  Accordingly, Plaintiff is entitled to punitive damages against Defendant in a sum according to proof.

WHEREFORE, Plaintiff prays for judgment in her favor against Defendant as follows:

1. For general, special and compensatory damages in an amount according to proof;
2. For liquidated damages;
3. For punitive damages;
4. For applicable prejudgment interest;
5. For attorney fees and costs of suit; and,
6. For such other and further relief as the Court deems just and proper.

Dated this 2nd day of July, 2010.

_____
Brian Morris, Esq.

DEMAND FOR JURY TRIAL

YOU, AND EACH OF YOU, WILL PLEASE TAKE NOTICE that Plaintiff demands a trial by jury, on all issues in the above entitled matter.

Dated this 2nd day of July, 2010.

_____
Brian Morris, Esq.