THOMAS P. BEKO, ESQ.
Nevada Bar No. 002653
ERICKSON, THORPE & SWAINSTON
P. O. Box 3559
Reno, NV 89505
Telephone: (775) 786-3930
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WAYNE ROMANS,<br><br>  Plaintiff,<br><br>vs.<br><br>INCLINE VILLAGE GENERAL IMPROVEMENT DISTRICT,<br><br>  Defendant. | CASE NO.: 3:10cv-00403<br><br>**MOTION TO DISMISS** |

COMES NOW, Defendant INCLINE VILLAGE GENERAL IMPROVEMENT DISTRICT, by and through its attorneys of record, ERICKSON, THORPE & SWAINSTON, LTD., and THOMAS P. BEKO, ESQ., and pursuant to Federal Rule of Civil Procedure, 12(b)(6), hereby moves this Court for an order dismissing with prejudice the plaintiff's First Claim for Relief (American's With Disabilities Act) upon the grounds that the plaintiff failed to exhaust his administrative remedies by filing a timely claim with the EEOC (or NERC). And since the first claim for relief is the only relief upon which federal jurisdiction is founded, the defendant requests this Court refuse to exercise jurisdiction over the state law claim and dismiss this action in its entirety.

I. **Statement of Relevant Facts:**

The plaintiff in this action is Mr. Wayne Romans. The defendant is the Incline Village General Improvement District, a Nevada political subdivision formed in 1961

pursuant to Nevada Revised Statute §318.055. *See, also, N.R.S. 41.0305 and 43.080 and Washoe County Ordinance No. 97, Bill No. 57.* On July 2, 2010, the plaintiff filed the current action. The Complaint contains two separate claims for relief. The first claim alleges a violation of the Americans with Disabilities Act. The second claim alleges a Tortious Retaliation and Discharge in Violation of Public Policy (state law claim).

In his Complaint, the plaintiff alleges that he worked for the defendant.[1] *See, Complaint* ¶ 2, 9. He further alleges that he had a disability as defined by the Americans With Disabilities Act (ADA) that resulted from an on the job injury, but that, he was qualified for and able to work and perform the essential functions of "jobs" with our without a reasonable accommodation. *See, Complaint* ¶ 12-13. Next the plaintiff alleges that he requested that he be given a reasonable accommodation and allowed to work but he was not allowed to keep working. See, Complaint ¶ 14-15. Finally, the plaintiff alleges that he was retaliated against (terminated) because he invoked his rights under the ADA. Based upon these violations, the plaintiff seeks damages including punitive damages.

As reflected in the attached Affidavit of Counsel, the undersigned has reviewed all the records relating to the plaintiff's employment with IVGID and has contacted the Nevada Equal Rights Commission and in doing so could find no evidence that the plaintiff ever filed a claim with the Equal Rights Commission. As set forth below, this is an absolute prerequisite to bring this action.

II.   **Legal Argument:**

A.   **Standard of Review.**

Rule 12(b)(6) motions test the sufficiency of a pleading. *North Star Int'l v. Arizona Corp., Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Under Rule 12(b)(6), the claim may be dismissed if it asserts a legal theory that is not cognizable as a matter of law or because it fails to allege sufficient facts to support an otherwise cognizable legal claim. *Smile Care Dental Group v. Delta Dental Plan*, 88 F.3d 780, 783 (9th Cir. 1996).

---

[1] Although he does not so specify, the plaintiff began his employment with IVGID on June 5, 2006, and he was terminated on July 3, 2008. *See, attached Affidavit of Counsel.*

Under Rule 8(a) of the Federal Rules of Civil Procedure, the Amended Complaint must "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In *Bell Atlantic Corp. v. Twombly,* the United States Supreme Court held that the mandate to allege the grounds upon which the claim for relief rests "requires more than labels and conclusions," and that "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 555 (2007).

The Court recently reiterated this standard in, *Ashcroft v. Iqbal,* 129. S. Ct. 1937, 1953 (2009), wherein the Court stated that Rule 8(a) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 129 S. Ct. at 1949 (2009). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter... to state a claim to relief that is plausible on its face [–i.e., enough] factual content [to] allow[] the court to draw the reasonable interference that the defendant is liable for the misconduct alleged." *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, "such as the allegations on display in the Amended Complaint, "do not suffice." *See id.*

The standard announced in *Twombly* and *Iqbal* requires a complaint to raise a right of relief above the speculative level and state a claim to relief which is plausible on its face. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 and 570, 127 S. Ct. 1955, 1965 and 1974 (2007). In this regard, the pleader must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Kendall v. Visa USA, Inc.,* 518 F.3d 1042, 1047, n.5 (9th Cir. 2008) (applying *Twombly*). In the recent case of *Ashcroft v. Iqbal,* the Court held that "though *Twombly* determined the sufficiency of a complaint sounding in antitrust, the decision was based on our interpretation and application of Rule 8." *Iqbal* at 1953 citing *Twombly,* 550 U.S. at 554. Rule 8 governs the pleading standard "in all civil actions and proceedings in the United States district courts" and the decision in *Twombly* expounded the pleading standard for "all civil actions." *Iqbal* at 1953.

///

///

**B. The American's With Disabilities Act requires the plaintiff to exhaust his administrative remedies before filing suit in this action.**

Title I of the ADA prohibits employment discrimination against qualified individuals on the basis fo disability. *See, Vinson v. Thomas,* 288 F. 3d 1145, 1158 (9th Cir.2002). A person can seek judicial relief for a violation of the ADA, however, he/she must first exhaust available administrative remedies. *See, 42 U.S.C. 12117.* "Adequate exhaustion under Title I entails, *inter alia,* the filing of an administrative complaint with the Equal Employment Opportunity Commissioner ("EEOC") and the acquisition of an EEOC "right to sue" letter." *Pablico-Stovall v. University of California-San Francisco,* 2004 WL 443794 (N.D. Cal. 2004). *See, also, Josephs v. Pacific Bell,* 443 F.3d 1050 (9th Cir. 2006) *citing, EEOC v. Farmer s Bros. Co.,* 31 F.3d 891, 899 (9th Cir. 1994) (To establish federal subject matter jurisdiction, plaintiff was required to exhaust her EEOC administrative remedies before seeking federal adjudication of her claims). *Watson v. Las Vegas Valley Water Dist.,* 378 F.Supp.2d 1269, 1274 (D.Nev.,2005) citing *Santa Maria v. Pac. Bell,* 202 F.3d 1170, 1176 (9th Cir.2000). A complainant must file a charge with the EEOC within 180 days of the last act of alleged discrimination, unless the complainant initially institutes proceedings with a state or local agency, in which case the EEOC charge must be filed within 300 days. 42 U.S.C. § 2000e-5(e).

As reflected in the attached Affidavit of Counsel, if the plaintiff did file a claim with the EEOC or the Nevada Equal Rights Commission, IVGID did not receive notice of it, nor did they participate in the administrative process. Having failed to meet this statutory prerequisite, the plaintiff cannot lawfully file his complaint. Therefore, this Court should dismiss the First Claim for Relief with prejudice.

**C. Because the First Claim for Relief is the only claim which confers federal jurisdiction with this Court, the Court should refuse to exercise its supplemental jurisdiction and dismiss the second claim for relief as well.**

It is clear that the district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original

jurisdiction." *Osborn v. Haley*, 549 U.S. 225, 245, 127 S.Ct. 881, 166 L.Ed.2d 819 (2007) *See also, Gini v. Las Vegas Metro. Police Dep't,* 40 F.3d 1041, 1046 (9th Cir.1994) ("When ... the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice.")

### III. Conclusion:

In this case, the plaintiff's first claim for relief is the only claim which provides this Court with a jurisdictional basis to hear the case. *See,* 28 U.S.C. §1311. Following dismissal of that claim, all that would remain would be a state tortious discharge claim. This is a claim which would be better resolved in the state courts of Nevada. Therefore, this Court should decline to exercise jurisdiction and keep the case in the federal system.

DATED this 20th day of November, 2010.

ERICKSON, THORPE & SWAINSTON, LTD.

By _____
THOMAS P. BEKO, ESQ.
*Attorneys for Defendant*

# AFFIDAVIT OF THOMAS BEKO IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

I, THOMAS BEKO, being first duly sworn hereby state under penalty of perjury, that the following is true of my own personal knowledge, except as to matters stated on information and belief and as to those matters I believe them to be true:

1. The undersigned is an attorney in good standing licensed to practice in all courts in the States of Nevada and California, and since 1986, I have been a member in good standing of the Nevada and California bars;

2. I am the attorney of record for the Defendant Incline Village General Improvement District;

3. Plaintiff began his employment with the Incline Village General Improvement District on June 5, 2006, and he was terminated on July 3, 2008;

4. The undersigned has reviewed all of the records relating to the plaintiff's employment with the Incline Village General Improvement District and has contacted the Nevada Equal Rights Commission. In doing so, the undersigned could find no evidence that the plaintiff ever filed a claim with the Nevada Equal Rights Commission; and

5. If the plaintiff did file a claim with the EEOC or Nevada Equal Rights Commission, the Incline Village General Improvement District did not receive notice of it, nor did they participate in the administrative process.

///
///
///
///
///
///
///
///
///

Erickson, Thorpe & Swainston, Ltd.

1  I declare under penalty of perjury that the foregoing is true and correct and that this
2  affidavit was executed on the ____22nd____ day of November, 2010, at Reno, Nevada.
3  FURTHER, Affiant sayeth naught.

_____
THOMAS BEKO

SUBSCRIBED AND SWORN to before me
this 22nd Day of November, 2010.

_____
NOTARY PUBLIC

BRITTANY COOPER
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 01-71783-2 - Expires September 6, 2013

Erickson, Thorpe
& Swainston, Ltd.

-2-

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of ERICKSON, THORPE & SWAINSTON, LTD. and that on this day I personally served a true and correct copy of the attached document by:

- ☐ U.S. Mail
- ☐ Facsimile Transmission
- ☐ Personal Service
- ☐ Messenger Service
- ☒ CM/ECF System

addressed to the following:

Brian R. Morris, Esq.
59 Damonte Ranch Parkway, B-221
Reno, Nevada 89521

DATED this 22nd day of November, 2010.

Brittany Cooper

ERICKSON, THORPE &
SWAINSTON, LTD.

1