1

2

3

4                         **UNITED STATES DISTRICT COURT**

5                              **DISTRICT OF NEVADA**

6

7    WAYNE ROMANS,                        )
                                          )
               Plaintiff,                 )
8                                         )
          vs.                             )        3:10-cv-00403-RCJ-VPC
9                                         )
     INCLINE VILLAGE GENERAL              )              **ORDER**
10   IMPROVEMENT DISTRICT,                )
                                          )
11             Defendant.                 )
     _____ )
12

13          This case arises out of alleged violations of the Americans with Disabilities Act ("ADA")

14   and wrongful discharge.  Pending before the Court is Defendant's Motion to Dismiss (ECF No.

15   4).  For the reasons given herein, the Court grants the motion.

16   **I.      FACTS AND PROCEDURAL HISTORY**

17          Plaintiff Wayne Romans was injured on the job while working for Defendant Incline

18   Village General Improvement District ("IVGID"). (Compl. ¶¶ 2–3, July 2, 2010, ECF No. 1).

19   Plaintiff sought workers compensation benefits and complained to the Occupational Safety and

20   Health Administration ("OSHA") about Defendant's alleged safety violations. (*Id.* ¶¶ 4–5).

21   Plaintiff returned to work with restrictions, and Defendant eventually placed Plaintiff on paid

22   leave, then unpaid leave, then terminated him. (*Id.* ¶¶ 7–9).  Plaintiff alleges no dates. (*See id.*

23   ¶¶ 2–9).

24          Plaintiff sued Defendant in this Court on two causes of action: (1) ADA violations; and

25   (2) "tortious retaliation and discharge in violation of public policy."  Defendant has moved to

1   dismiss for failure to state a claim.

2   **II.   LEGAL STANDARDS**

3          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

4   claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

5   what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

6   (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

7   that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule

8   12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

9   F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for

10  failure to state a claim, dismissal is appropriate only when the complaint does not give the

11  defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

12  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is

13  sufficient to state a claim, the court will take all material allegations as true and construe them in

14  the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

15  Cir. 1986). The court, however, is not required to accept as true allegations that are merely

16  conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

17  *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action

18  with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation

19  is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*,

20  550 U.S. at 555).

21         "Generally, a district court may not consider any material beyond the pleadings in ruling

22  on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the

23  complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*

24  *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents

25  whose contents are alleged in a complaint and whose authenticity no party questions, but which

1   are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

2   motion to dismiss" without converting the motion to dismiss into a motion for summary

3   judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule

4   of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

5   *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court

6   considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

7   summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th

8   Cir. 2001).

9   **III.   ANALYSIS**

10       Defendant notes that Plaintiff must exhaust his administrative remedies with the Equal

11   Employment Opportunity Commission ("EEOC") before filing an ADA claim, *see Curto v.*

12   *Edmundson*, 392 F.3d 502, 503 (2d Cir. 2004), *cert. denied*, 545 U.S. 1133 (2005), and that he

13   does not allege having done so, (*see generally* Compl.). Exhaustion of administrative remedies

14   is an affirmative defense, however, so unless an admission of the defense appears in the

15   Complaint itself or Defendant produces evidence of non-exhaustion, dismissal is not appropriate.

16   Here, the Complaint is silent on the issue of exhaustion. Defendant adduces an affidavit,

17   however, to the effect that it never received any notice of any charge of discrimination from the

18   EEOC or the Nevada Equal Rights Commission ("NERC"). (*See* Beko Decl. ¶ 5, Nov. 22, 2010,

19   ECF No. 4, at 6).

20       In response, Plaintiff alleges that he filed a charge of discrimination online with the

21   NERC on January 27, 2009, listing August 19, 2008 as the date of the last discriminatory act.

22   (*See* Romans Aff. ¶ 3, Dec. 23, 2010, ECF No. 6-1, at 18). This is evidence of a timely filing.

23   Plaintiff also adduces a letter he received from the NERC rejecting his charge as to an alleged

24   hostile work environment as being outside of the 300-day window, and noting that his worker's

25   compensation claim was not cognizable. (*See* NERC Letter, Feb. 25, 2009, ECF No. 6-1, at 2).

This is evidence of an untimely filing.  The letter also indicates that in the NERC's view, which is not binding on the Court, Plaintiff had exhausted his administrative remedies. (*See id.*).

Plaintiff attests that his January 27, 2009 complaint to the NERC that generated the letter was based on disability discrimination. (*See* Romans Aff. ¶ 3).  But Plaintiff also adduces a printout of what he claims to be an email receipt of his online complaint to the NERC, which receipt indicates a claim of age discrimination. (*See* Pl.'s Resp. Ex. F., Jan. 27, 2009, ECF No. 6-1, at 21).  The NERC's web page currently includes an online "Intake Inquiry Form." *See* NERC, *Intake Inquiry Form* (Aug. 2, 2011, 8:06 AM), https://nerc.nvdetr.org/nerc_complaint_form.  Filling out this form probably constituted a complaint under the ADA, because a person filling it out likely expects the NERC to take action. *See Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 404 (2008) ("[A] filing is deemed a charge if the document reasonably can be construed to request agency action and appropriate relief on the employee's behalf . . . .").  The web address includes the word "complaint," and the web page states, "Your complaint must be filed within 300 days from the last alleged discriminatory act." *See id.*

In summary, there is a material question of fact as to whether Plaintiff timely filed his complaint with the NERC and that his filing in fact constituted a complaint.  The question remains whether Plaintiff timely filed the present lawsuit.  Although a Plaintiff must sue within ninety days of receiving a notice to sue, the notice must be clear about the time limit. *Missirlian v. Huntington Mem'l Hosp.*, 662 F.2d 546, 549 (9th Cir. 1981) ("[T]he ninety-day time limit on Title VII civil suits does not commence until the plaintiff receives notice of his or her right to sue and the date from which the time limit on this right starts to run. . . . [I]t is more compatible with the broad remedial purposes of Title VII and prior decisions of this circuit to require that a Title VII plaintiff receive a clear indication of when the ninety-day clock starts to run for filing a civil

action.").[1]  Here, Defendant argues that the February 25, 2009 letter from the NERC constituted a notice of his right to sue, but it appears that under *Missirlian* the letter was not clear enough to start the ninety-day clock, because it simply informed Plaintiff that he would have to "consult with a private attorney to pursue a course of litigation through the judicial system . . . ." but nowhere gave him notice of the time limit. (*See* NERC Letter, Feb. 25, 2009, ECF No. 6-1, at 2).

The equitable doctrine of laches applies in a Title VII suit, however, if "the defendant [can] show both an unexcused or unreasonable delay by the plaintiff and prejudice to himself." *Brown v. Cont'l Can Co.*, 765 F.2d 810, 814 (9th Cir. 1985).  The Court finds that the sixteen-month delay in filing suit was unreasonable, particularly where the Defendant had received no notice of any charge of discrimination.  Title VII gives plaintiffs three months to sue after they have notice that they may do so, and here Plaintiff waited over five times this long.  The Court also finds that Defendant has not rebutted the presumption of prejudice that arises from "the bare fact of unreasonable delay." *See Boone v. Mech. Specialties Co.*, 609 F.2d 956, 958 (9th Cir. 1979) (quoting *Int'l T. & T. Corp. v. Gen. T. & E. Corp.*, 518 F.2d 913, 926 (9th Cir. 1975)).  Prejudice cannot be presumed if delay is attributable to an agency in a Title VII case, because Title VII defendants are usually notified of complaints before a plaintiff files suit, s*ee Bratton v. Bethlehem Steel Corp.*, 649 F.2d 658, 667 n.8 (9th Cir. 1980), but here Defendant attests not to have received any charge of discrimination, and  it is clear the prejudice was due to Plaintiff's actions, because the NERC did everything Plaintiff requested of it, and Plaintiff simply waited sixteen months to sue after the NERC informed him he had exhausted his administrative remedies.  The presumption therefore applies in this case, and Plaintiff has not rebutted it.  The Court declines supplemental jurisdiction over the wrongful discharge claim. *See* 28 U.S.C.

---

[1]Although Defendant points out that the Eleventh Circuit has ruled that actual knowledge of the termination of agency investigation is sufficient to start the ninety-day clock, *see Kerr v. McDonald's Corp.*, 427 F.3d 947, 954 (11th Cir. 2005), *Missirlian* does not appear to have been abrogated within the Ninth Circuit.

1   § 1367(c)(3).

2                              **CONCLUSION**

3          IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 4) is GRANTED.

4          IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case

5   accordingly.

6          IT IS SO ORDERED.

7   Dated this 10th day of August, 2011.

8

9                              _____
                                    ROBERT C. JONES
10                             United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25