THOMAS P. BEKO, ESQ. (SBN 02653)
ERICKSON, THORPE & SWAINSTON, LTD.
99 W. Arroyo Street
Post Office Box 3559
Reno, NV 89505
Ph: (775) 786-3930; Fax: (775) 786-4160
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WAYNE ROMANS, | CASE NO.: 3:10-cv-00403-RCJ-VPC |
| Plaintiff, | |
| vs. | |
| INCLINE VILLAGE GENERAL IMPROVEMENT DISTRICT, | **ANSWER TO COMPLAINT** |
| Defendant. | |

COMES NOW, Defendant INCLINE VILLAGE GENERAL IMPROVEMENT DISTRICT, by and through its attorneys of record, ERICKSON, THORPE & SWAINSTON, LTD., and THOMAS P. BEKO, ESQ., and in answer to Plaintiff's Complaint on file herein, admits, denies and avers as follows:

1. Defendant admits that this Court has jurisdiction.

2. Defendant admits generally the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 3 of Plaintiff's Complaint and therefore denies the same.

4. Defendant admits generally the allegations contained in Paragraph 4 of the Plaintiff's Complaint.

///

1    5.   Defendant is without knowledge or information sufficient to form a belief as to
2  the truth of the averments contained in Paragraph 3 of Plaintiff's Complaint and therefore
3  denies the same.

4    6.   Defendant admits generally the allegations contained in Paragraph 6 of the
5  Plaintiff's Complaint.

6    7.   Defendant admits generally the allegations contained in Paragraph 7 of the
7  Plaintiff's Complaint.

8    8.   Defendant admits generally the allegations contained in Paragraph 8 of the
9  Plaintiff's Complaint.

10    9.   Defendant admits generally the allegations contained in Paragraph 9 of the
11  Plaintiff's Complaint.

12    10.  Defendant admits generally the allegations contained in Paragraph 10 of the
13  Plaintiff's Complaint.

14  **FIRST CLAIM FOR RELIEF (Violation of the Americans with Disabilities Act)**

15    11.  Defendant adopts by reference and incorporates herein each, every and all of its
16  admissions, denials and averments to Paragraphs 1 through 10 of Plaintiff's Complaint as if
17  the same were set forth in full at this point.

18    12.  Defendant denies each, every and all of the allegations contained within
19  Paragraph 12 of Plaintiff's Complaint.

20    13.  The Defendant is informed and believes that Plaintiff never suffered any
21  condition which would constitute a disability, and therefore the Defendant denies each, every
22  and all of the allegations contained within Paragraph 13 of Plaintiff's Complaint which
23  suggest that he was ever impaired from any function.

24    14.  Defendant denies each, every and all of the allegations contained within
25  Paragraph 14 of Plaintiff's Complaint.

26    15.  Defendant denies each, every and all of the allegations contained within
27  Paragraph 15 of Plaintiff's Complaint.

28  ///

-2-

16.   Defendant denies each, every and all of the allegations contained within Paragraph 16 of Plaintiff's Complaint.

17.   Defendant denies each, every and all of the allegations contained within Paragraph 17 of Plaintiff's Complaint.

18.   Defendant denies each, every and all of the allegations contained within Paragraph 18 of Plaintiff's Complaint.

19.   Defendant denies each, every and all of the allegations contained within Paragraph 19 of Plaintiff's Complaint.

20.   Defendant denies each, every and all of the allegations contained within Paragraph 20 of Plaintiff's Complaint.

**SECOND CLAIM (Tortious Retaliation and Discharge in Violation of Public Policy)**

21.   Defendant adopts by reference and incorporates herein each, every and all of its admissions, denials and averments to Paragraphs 1 through 20 of Plaintiff's Complaint as if the same were set forth in full at this point.

22.   Defendant denies each, every and all of the allegations contained within Paragraph 22 of Plaintiff's Complaint.

23.   Defendant denies each, every and all of the allegations contained within Paragraph 23 of Plaintiff's Complaint.

24.   Defendant denies each, every and all of the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25.   Defendant denies each, every and all of the allegations contained within Paragraph 25 of Plaintiff's Complaint.

26.   Defendant denies each, every and all of the allegations contained within Paragraph 26 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted in favor of Plaintiff or against this Defendant.

SECOND AFFIRMATIVE DEFENSE

1.   The State of Nevada has adopted a limited waiver of sovereign immunity as codified in Chapter 41 of the Nevada Revised Statutes.

2.   The Incline Village General Improvement District is a political subdivision of the State of Nevada.

All acts and conduct of this Defendant and its agents and employees were within the jurisdiction of their official authority and were done by virtue of and under the laws of the State of Nevada.  As such, they are immune from civil liability as hereinafter provided.

THIRD AFFIRMATIVE DEFENSE

NRS 41.035 limits the amount of recovery, if any, which may be awarded against a political subdivision and its agents or employees.

FOURTH AFFIRMATIVE DEFENSE

The claims for relief averred in the complaint pertain to the exercise or performance, or the failure to exercise or perform, discretionary functions or duties on the part of the Incline Village General Improvement District and/or its agents or employees.  By reason of the premises and terms and provisions of NRS 41.032(2) no action may be brought against the The Incline Village General Improvement District and legal recovery is thereby barred.

FIFTH AFFIRMATIVE DEFENSE

Defendant is informed and believe and thereupon avers that Plaintiff consented to the matters referred to in the complaint.

SIXTH AFFIRMATIVE DEFENSE

At all times and places relevant hereto this Defendant and its agents or employees acted in good faith, with justification and probable cause and without malice toward Plaintiff.

SEVENTH AFFIRMATIVE DEFENSE

Defendant is informed and believe and thereupon aver that Plaintiff failed to mitigate Plaintiff's losses and damages, if any there were.

EIGHTH AFFIRMATIVE DEFENSE

At all times relevant hereto, the Defendant was acting under legal authority and as

-4-

1   such the Plaintiff's claims herein are barred.

2                          NINTH AFFIRMATIVE DEFENSE

3           NRS 41.035 limits the amount of recovery, if any, which may be awarded against a

4   political subdivision and its agents or employees; further, there may be no award for punitive

5   or exemplary damages.  In additional, punitive damages are not recoverable under any federal

6   claim asserted in this matter.

7                          TENTH AFFIRMATIVE DEFENSE

8           Plaintiff has failed to file his claim with the appropriate governing body for the

9   political subdivision named herein and therefore his claim herein is barred.

10                         ELEVENTH AFFIRMATIVE DEFENSE

11          The filing of this action constitutes the presentation of false claims for payment which

12  entitles the Defendant to civil penalties in the sum of $5,000.00 to $10,000.00 for each of the

13  two claims brought by Plaintiff, against the named Defendant for a total sum of $20,000.00,

14  as well as an award of three times the amount of attorneys fees and costs incurred in the

15  defense of this action, as stated in NRS Chapter 357.

16                         TWELFTH AFFIRMATIVE DEFENSE

17          Plaintiff's claims for relief are barred by the doctrine of laches.

18                         THIRTEENTH AFFIRMATIVE DEFENSE

19          Plaintiff's claims for relief are barred by the applicable statute or statutes of

20  limitations.

21                         FOURTEENTH AFFIRMATIVE DEFENSE

22          Plaintiff has failed to file his claims with the appropriate administrative agency within

23  the allotted time period(s) and as such his federal claim is barred.

24                         FIFTEENTH AFFIRMATIVE DEFENSE

25          Plaintiff has failed to exhaust administrative remedies which were available to him

26  to grieve the alleged wrongful acts perpetrated against him and therefore he is barred from

27  any relief herein.

28  ///

-5-

1

SIXTEENTH AFFIRMATIVE DEFENSE

2    Without admitting the existence of an employment agreement, Defendant alleges that

3    the Plaintiff breached such an agreement by failing to fulfill responsibilities as an employee,

4    and hence, excused any further performance on the part of the defendant.

5

SEVENTEENTH AFFIRMATIVE DEFENSE

6    The Plaintiff was terminable at will.

7

EIGHTEENTH AFFIRMATIVE DEFENSE

8    Without admitting the existence of a "just cause" employment relationship, Defendant

9    alleges that there existed just cause for the termination of the employment relationship

10   between Plaintiff and Defendant.

11

NINETEENTH AFFIRMATIVE DEFENSE

12   Defendant alleges that because the complaint herein is couched in conclusionary

13   terms, answering Defendant cannot fully anticipate all affirmative defenses that may be

14   applicable to the within action.  Accordingly, the right to assert additional affirmative

15   defenses, if and to the extent that such affirmative defenses are applicable, is hereby

16   reserved.

17   DATED this 15th day of October, 2013.

18                                        ERICKSON, THORPE & SWAINSTON, LTD.

19

20   By:_____

21                                        THOMAS P. BEKO, ESQ.
                                          *Attorneys for Defendant*

22

23

24

25

26

27

28

-6-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to FRCP 5(b), I certify that I am an employee of ERICKSON, THORPE & SWAINSTON, LTD., and that on this day I personally served a true and correct copy of the foregoing *Answer to Complaint*, on all parties in this action by Electronic Mail through the United States District Court's CM/ECF Filing System.

Dated this 15th of October, 2013.

Dana Matthews

-7-