1

2

3

4                                **UNITED STATES DISTRICT COURT**

5                                        **DISTRICT OF NEVADA**

6

7   WAYNE ROMANS,                          )
                                           )
            Plaintiff,                     )
8                                          )
       vs.                                 )        3:10-cv-00403-RCJ-VPC
9                                          )
                                           )
    INCLINE VILLAGE GENERAL                )                **ORDER**
10  IMPROVEMENT DISTRICT,                  )
                                           )
11          Defendant.                     )
                                           )
12  ───────────────────────────────────── )

13          This case arises out of alleged violations of the Americans with Disabilities Act ("ADA")

14  and wrongful discharge.  Pending before the Court is a Motion for Partial Summary Judgment

15  (ECF No. 46).  For the reasons given herein, the Court grants the motion.

16  **I.       FACTS AND PROCEDURAL HISTORY**

17          Plaintiff Wayne Romans was injured on the job while working for Defendant Incline

18  Village General Improvement District ("IVGID"). (Compl. ¶¶ 2–3, July 2, 2010, ECF No. 1).

19  Plaintiff sought workers compensation benefits and complained to the Occupational Safety and

20  Health Administration ("OSHA") about Defendant's alleged safety violations. (*Id.* ¶¶ 4–5).

21  Plaintiff returned to work with restrictions, and Defendant eventually placed Plaintiff on paid

22  leave, then unpaid leave, then terminated him. (*Id.* ¶¶ 7–9).  Plaintiff alleges no dates. (*See id.*

23  ¶¶ 2–9).

24          Plaintiff sued Defendant in this Court on two causes of action: (1) ADA violations; and

25  (2) "tortious retaliation and discharge in violation of public policy."  Defendant moved to dismiss

1  for failure to state a claim.  The Court granted the motion for reasons recounted, *infra*.  The

2  Court of Appeals reversed and remanded for this Court to determine whether material factual

3  disputes existed as to whether Plaintiff delayed either in seeking a right-to-sue letter or in filing

4  suit, and whether Defendant was prejudiced by any delay.[1]  Defendant has asked the Court to find

5  in its favor on the laches issue and to decline supplemental jurisdiction over the state law claim

6  for wrongful discharge.

7  **II.    LEGAL STANDARDS**

8          A court must grant summary judgment when "the movant shows that there is no genuine

9  dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

10  Civ. P. 56(a).  Material facts are those which may affect the outcome of the case. *See Anderson v.*

11  *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there

12  is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  A

13  principal purpose of summary judgment is "to isolate and dispose of factually unsupported

14  claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  In determining summary

15  judgment, a court uses a burden-shifting scheme:

16          When the party moving for summary judgment would bear the burden of proof at
        trial, it must come forward with evidence which would entitle it to a directed verdict
17        if the evidence went uncontroverted at trial.  In such a case, the moving party has the
        initial burden of establishing the absence of a genuine issue of fact on each issue
18        material to its case.

19  *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations

20  and internal quotation marks omitted).  In contrast, when the nonmoving party bears the burden

21  of proving the claim or defense, the moving party can meet its burden in two ways: (1) by

22  presenting evidence to negate an essential element of the nonmoving party's case; or (2) by

23

24          [1]The Court of Appeals wrote that Plaintiff sought relief under the ADA and Arizona state
    law, but the present case concerns only an ADA claim and a claim under Nevada law for
25  wrongful discharge.

1   demonstrating that the nonmoving party failed to make a showing sufficient to establish an

2   element essential to that party's case on which that party will bear the burden of proof at trial. *See*

3   *Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary

4   judgment must be denied and the court need not consider the nonmoving party's evidence. *See*

5   *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

6        If the moving party meets its initial burden, the burden then shifts to the opposing party to

7   establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

8   475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party

9   need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

10  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

11  versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

12  626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment

13  by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d

14  1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and

15  allegations of the pleadings and set forth specific facts by producing competent evidence that

16  shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

17       At the summary judgment stage, a court's function is not to weigh the evidence and

18  determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477

19  U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are

20  to be drawn in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely

21  colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

22  **III.    ANALYSIS**

23       The Court previously ruled that because exhaustion of administrative remedies is an

24  affirmative defense, Plaintiff need not affirmatively allege exhaustion, and that facts indicating

25  non-exhaustion did not appear on the face of the Complaint.  Defendant attested as to never

1    having received any charge of discrimination from the Equal Employment Opportunity

2    Commission ("EEOC") or the Nevada Equal Rights Commission ("NERC"), but Plaintiff

3    attested as to having filed a charge of discrimination online with the NERC on January 27, 2009,

4    wherein he listed August 19, 2008 as the date of the last discriminatory act. (*See* Romans Decl.

5    ¶ 3, Dec. 23, 2010, ECF No. 6-1, at 18).  The Court found Plaintiff's declaration to be evidence

6    of a timely filing.  Plaintiff had also adduced a letter he received from the NERC rejecting his

7    charge as to an alleged hostile work environment as being outside of the 300-day window, and

8    noting that his worker's compensation claim was not cognizable. (*See* NERC Letter, Feb. 25,

9    2009, ECF No. 6-1, at 2).  The Court found that to be evidence of an untimely filing.  The Court

10   therefore found there to be a material question of fact as to whether Plaintiff timely filed his

11   complaint with the NERC, i.e., within 300 days.

12        The question remained whether Plaintiff had timely filed the present lawsuit, i.e., within

13   ninety days of receiving notice of his right to sue, and the Court found that the suit was barred by

14   laches because Plaintiff had waited over a year beyond the statutory ninety-day window to file his

15   suit, even assuming the NERC had never expressly informed Plaintiff that he had only ninety

16   days to sue.  The equitable doctrine of laches applies in a Title VII suit if "the defendant [can]

17   show both an unexcused or unreasonable delay by the plaintiff and prejudice to himself." *Brown*

18   *v. Cont'l Can Co.*, 765 F.2d 810, 814 (9th Cir. 1985).  The Court found that Plaintiff's sixteen-

19   month delay in filing suit—over five times the ninety-day statutory period—was unreasonable.

20   The Court also found that Plaintiff had not rebutted the presumption of prejudice that arises from

21   "the bare fact of unreasonable delay." *See Boone v. Mech. Specialties Co.*, 609 F.2d 956, 958

22   (9th Cir. 1979) (quoting *Int'l T. & T. Corp. v. Gen. T. & E. Corp.*, 518 F.2d 913, 926 (9th Cir.

23   1975)).  Prejudice cannot be presumed if delay is attributable to an agency in a Title VII case, s*ee*

24   *Bratton v. Bethlehem Steel Corp.*, 649 F.2d 658, 667 n.8 (9th Cir. 1980), but here it is clear any

25   prejudice was due to Plaintiff's actions, because the NERC did everything Plaintiff requested of

1  it, and Plaintiff simply waited sixteen months to sue after the NERC informed him he had

2  exhausted his administrative remedies and would have to take judicial action.  The Court

3  therefore found that the presumption applied in this case, and that Plaintiff had not rebutted it.

4  The Court of Appeals reversed and remanded for the Court to take more evidence as to "whether

5  Romans received a valid right-to-sue letter from the Nevada Employment Rights Commission

6  giving him notice of his deadline to file suit, whether Romans delayed filing his suit, and whether

7  defendant was prejudiced."  Defendant has now filed a motion for partial summary judgment on

8  the issue, asking the Court to grant summary judgment against the ADA claim based on laches

9  and to decline supplemental jurisdiction over the state law claim for wrongful discharge.

10      It remains factually disputed whether Plaintiff received a valid right-to-sue letter from the

11  Nevada Employment Rights Commission giving him notice of his deadline to file suit, because

12  the only such letter adduced indicates that Plaintiff would have to file suit but does not indicate

13  any deadline. (*See* Letter, Feb. 25, 2009, ECF No. 46-1, at 10).  If the Court will grant summary

14  judgment based upon untimeliness, it must therefore be based upon laches, not upon the statutory

15  filing deadline.

16      Next, it is not materially disputed that Plaintiff delayed over sixteen months in filing suit.

17  The Court has not changed its opinion that the delay was unreasonable.

18      Next, Defendant adduces evidence of prejudice.  Specifically, Defendant has shown that

19  the NERC destroyed Plaintiff's file in due course and that Defendant has therefore lost critical

20  evidence that would tend to prove that Plaintiff waited over 300 days ffrom the last

21  discriminatory act to file his complaint with the NERC. (*See* Delaney Aff., Mar. 4, 2014, ECF

22  No. 46-1, at 29).  That issue would be dispositive of the ADA claim, and it is only disputed

23  because Plaintiff has attested in the present case that August 19, 2008 was the date of the last

24  discriminatory act, whereas the NERC indicated in its February 2009 letter to Plaintiff that he

25  had claimed the date of the last discriminatory act was July 31, 2007, i.e., a hostile work

environment from June 2006 through July 31, 2007.  Kara Jenkins, the current Administrator of the NERC and Defendant's person most knowledgeable, has testified that any NERC documents concerning Plaintiff's charge would have been destroyed by approximately February 25, 2010, one year after the letter was sent to Plaintiff denying his claim and his file was closed. (*See* Jenkins Dep. 4–5, 10, Mar. 7, 2014, ECF No. 46-1, at 18).  Plaintiff himself testified that the NERC had rejected his claim because it was not filed within 300 days of the date of the last discriminatory act, although he did not indicate that he agreed with the calculation. (*See* Romans Dep., Mar. 30, 2011, ECF No. 46-1, at 24, 26).

In conclusion, the Court finds that Defendant has satisfied its initial burden under Rule 56 to show that laches should bar the claim in this case.  It was precisely Plaintiff's sixteen-month delay in filing the present suit that resulted in the destruction of NERC records before Defendant had an opportunity to request them in discovery (and in fact before the present suit was filed at all), and those records are critical to Defendant's defense on a dispositive issue, i.e., whether Plaintiff filed his complaint with the NERC within 300 days of the last discriminatory act.  The records could have contained, and in all likelihood did contain, evidence of factual statements by Plaintiff as to the dates of certain allegedly discriminatory acts that would contradict his conclusory statement that the relevant date was August 19, 2008.  Those lost statements by Plaintiff would be non-hearsay, and the records made of those statements would be admissible by a custodian of records under the business records exception to the hearsay rule.[2]

Plaintiff has not satisfied his shifted burden to make a showing of material fact tending to show the reasonableness of his delay or that Defendant has not been prejudiced by it.  In response, Plaintiff argues again that he told the NERC investigator that the relevant

[2]Defendant notes that the NERC's investigator of Plaintiff's claim, Maurice Davis, is no longer employed by the NERC and that it has not been able to contact him. (*See* Felts Aff., May 13, 2014, ECF No. 46-1, at 39).  Here is therefore unavailable, even assuming he could recall the dates as recounted by Plaintiff over the telephone.

discriminatory acts occurred as late as August 2008.  Plaintiff notes that certain records remain available—the NERC records custodian found electronic copies of them, although the rest of the record had been automatically destroyed after one year because no charge was filed—and notes that Defendant cannot prove what, if anything, was destroyed.  The files that have been recovered, however, indicate that the last discriminatory act was July 31, 2007. (*See* Charge Assessment and Planning Form, ECF No. 46-1, at 14; Case Notes, ECF No. 46-1, at 16).

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Partial Summary Judgment (ECF No. 46) is GRANTED.  The Court grants summary judgment to Defendant on the ADA claim and declines supplemental jurisdiction over the state law wrongful discharge claim. *See* 28 U.S.C. § 1367(c)(3).

IT IS FURTHER ORDERED that the Motions to Extend Time (ECF Nos. 47, 48) are GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment as to the ADA claim and close the case.

IT IS SO ORDERED.

Dated this 25th day of July, 2014.

_____
ROBERT C. JONES
United States District Judge